IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                    NO. 2:09cr20026-RTD-6

JERMEL KNAULS                                               DEFENDANT

## SENTENCING MEMORANDUM

The Federal Sentencing Guidelines are advisory in nature. *Kimbrough v. United States*, 552 U.S. 85, 101 (2007). After determining the guideline range, the district court should address the statutory sentencing factors at 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 49-50 (2007). A challenge to the reasonableness of a sentence imposed by the district court is reviewed for abuse of discretion. *United States v. Price*, 542 F.3d 617, 622 (8th Cir. 2008). For the reasons that follow, the Court will vary downward under section 3553(a) from the advisory Sentencing Guidelines in the case of *United States v. Jermel Knauls*.

District courts have an institutional advantage over other courts in determining the appropriateness of a sentence based on the facts of a particular case and the application of the sentencing factors at section 3553(a). *United States v. Bueno*, 549 F.3d 1176, 1182 (8th Cir. 2008). Pursuant to section 3553(a), a district court should consider the need for the sentence "to reflect the seriousness of the offense . . . and to provide just

punishment for the offense." 18 U.S.C. § 3553(a)(1)-(2)(A). Due to the application of the Chapter Four Enhancement under the Sentencing Guidelines, a term of imprisonment for 151 to 188 months is advised. The Court finds that such a severe punishment, arising from Defendant's involvement in the instant criminal conduct, is both unwarranted and unjust. The Court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" when fashioning an appropriate sentence. 18 U.S.C. § 3553(a)(6). The Court notes that one of Knauls's co-defendants did not receive the Chapter Four Enhancement because, despite multiple drug offenses, his charges were for possession rather than distribution. The distinction between possession and distribution offenses may be a matter of semantics when evaluating the substantive differences among defendants with long criminal histories. The application of the Chapter Four Enhancement in this case has resulted in an inequitable term of imprisonment for Defendant Knauls. The Court further notes that a series of motions for downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) have been filed in this case. They have resulted in defendants more culpable than Knauls receiving sentences that are less severe. "To provide just punishment," the Court imposes a term of imprisonment for one hundred eleven (111) months to be followed by a five (5) year term of supervised release. 18 U.S.C. § 3553(a)(2)(A). Defendant is

further ordered to pay a fine in the amount of $5,000.00 and a $100 mandatory special assessment.

    IT IS SO ORDERED this 22nd day of February 2010.

                                        _/s/ Robert T. Dawson_
                                        Honorable Robert T. Dawson
                                        United States District Judge